# Exhibit A

Case 1:26-cv-02286-HG    Document 1-1    Filed 04/17/26    Page 2 of 13 PageID #: 10

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
------------------------------------------------------------------------------X

SABRINA WHITE,

Index No.:

Plaintiff,

**SUMMONS**

Plaintiff designate Queens
County the place of trial

-against-

The basis of the venue is the
Plaintiff's residence

AMAZON.COM SERVICES, LLC,

Defendant.
------------------------------------------------------------------------------X

*YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons,

exclusive of the date of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in the case of your failure to

appear or answer, judgment will be taken against by default for the relief demanded in this

complaint.

Dated: New York, New York
        January 7, 2026

Yours, etc.,

VANDAMME LAW FIRM, P.C.
/s/ *Hendrick Vandamme*
Hendrick Vandamme, Esq.
46 Trinity Place, 3rd Floor
New York, New York 10006
Tel: (212) 641-0613/212-851-6916

Case 1:26-cv-02286-HG    Document 1-1    Filed 04/17/26    Page 3 of 13 PageID #: 11

TO:    Amazon.com Services LLC
c/o Corporation Service Company
80 State Street
Albany, NY 12207

Case 1:26-cv-02286-HG Document 1-1 Filed 04/17/26 Page 4 of 13 PageID #: 12

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
-------------------------------------------------------------------------X

SABRINA WHITE,                                      Index No.:

        Plaintiff,

                                         **VERIFIED COMPLAINT**

        -against-

AMAZON.COM SERVICES, LLC,

        Defendant.
-------------------------------------------------------------------------X

Plaintiff, SABRINA WHITE., (hereinafter "Plaintiff"), by her attorneys, Vandamme Law Firm, P.C., as and for his Verified Complaint against Defendant AMAZON.COM SERVICES, LLC, ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of the claims that arise under New York laws.

2. Venue is proper because at least one of the parties resides in Queens County.

## PARTIES

3. Plaintiff SABRINA WHITE is a resident of Queens County, New York, and a former employee of Defendant AMAZON.COM SERVICES, LLC.

4. Upon information and belief Defendant AMAZON.COM SERVICES, LLC., is a foreign limited liability company with its principal place of business located at 80 State Street, Albany, NY 12207. Defendant AMAZON.COM SERVICES, LLC. is licensed to do business in the State of New York.

5. This is a civil action seeking monetary relief, compensatory damages, disbursements,

costs and fees for violations of Plaintiff's rights resulting from wrongful termination, discrimination, harassment, hostile work environment, violation of New York State employment laws, and retaliation.

6. Specifically, Plaintiff alleges that Defendant negligently, intentionally, wantonly, recklessly, and knowingly sought and did wrongfully deprive her of her employment, position, title, and pay through sexual harassment, assault, discrimination, harassment, and retaliation. Plaintiff alleges that Defendant purposefully and intentionally discriminated against her, retaliated against her by creating a hostile work environment, and wrongfully terminating her employment.

7. Plaintiff alleges that Defendant created a workplace atmosphere that was permeated with intimidation, harassment, ridicule, and insult sufficiently severe or pervasive to alter the conditions of Plaintiff's employment with Defendant.

8. The alleged acts against Plaintiff were done knowingly, purposely, and with all intentions of depriving her of her right to be free of harassment and retaliation within her employment with Defendant.

9. Defendant is subject to state and federal employment laws of the State of New York.

## FACTS

10. Plaintiff, an African-American female, is a resident of Queens County and a former employee of Defendant AMAZON.COM SERVICES, LLC.

11. Prior to working for Defendant, Plaintiff had over 2 years of experience as a packing associate and, as such, was qualified for the position.

12. Plaintiff started working as an Associate for Defendant in 2023.

Case 1:26-cv-02286-HG     Document 1-1     Filed 04/17/26     Page 6 of 13 PageID #: 14

13. While employed by defendant, Plaintiff's duties included warehouse operations, tracking inventory, and packing orders for Amazon.com. Plaintiff was stationed in the Defendant's fulfilment center located at 90 Ruland Road, Melville, NY 11747.

14. Shortly into Plaintiff's role, Plaintiff's supervisor Manny began coming into Plaintiff's work area and invading her personal space, getting very close to Plaintiff's body and lurking around her in an intimidating manner. This behavior would continuously happen despite repeated requests from Plaintiff to back off as he was making her uncomfortable.

15. On February 27, 2025, while Plaintiff was counting inventory at her workstation, Manny walked by Plaintiff's section and proceeded to stroke Plaintiff on her back without her consent.

16. Following the incident, Plaintiff became quite distressed and reported Manny's nonconsensual touching to the facility manager, Omar. Omar failed to take any action to correct Manny's behavior or otherwise protect Plaintiff from further touching. Instead, Omar dismissed Plaintiff's complaints, telling her that Manny was "only playing".

17. Plaintiff asked Omar's permission to file a formal sexual harassment complaint about Manny's behavior, but Omar refused this request.

18. Following this incident, Manny continued to sexually harass Plaintiff. With Defendant seemingly condoning Manny's behavior by failing to take any disciplinary action following the touching incident, Manny seemed to be emboldened to increase his sexual harassment of Plaintiff.

19. After the February 27, 2025 incident, Manny harassed Plaintiff frequently and on at least a weekly basis. It was common for Manny to walk back and forth behind the Plaintiff before sneaking up behind Plaintiff, getting close to her face and making inappropriate and lewd

sexual gestures. This behavior not only occurred frequently but throughout the remainder of Plaintiff's employment with Defendant.

20. For Plaintiff, it was impossible to avoid Manny at work, which made the situation even more difficult. Defendant's fulfilment center where Plaintiff was employed contained approximately 20 workstations. Manny was in charge of positioning each of the staff to a specific workstation and would consistently choose to position herself closest to whatever workstation Plaintiff had been assigned to.

21. As the harassment increased, and her supervisors brushed Manny's behavior off, Plaintiff became too afraid to report it to the other operations managers as she knew there would be no accountability for Manny's actions.

22. On June 17, 2025, when Manny approached Plaintiff in the continuous, harassing manner, Plaintiff asked Manny to stop coming so close to her, and to make her presence known before approaching rather than sneaking up on her to intimidate her. Plaintiff told Manny that she felt her actions were unprofessional. Manny replied by stating "ok" and walking off.

23. Approximately two weeks later, after complaining directly to Manny regarding her sexual harassment, Plaintiff was entering the Defendant fulfilment center when she was escorted into a room with the risk manager for the facility and a human resource official from Amazon, Milton. During this meeting, the human resource official, rather than addressing the sexual harassment complaints Plaintiff made to Omar and Manny, told Plaintiff that items had gone missing from the warehouse and asked her whether she had taken anything. Plaintiff responded that she had not.

Case 1:26-cv-02286-HG   Document 1-1   Filed 04/17/26   Page 8 of 13 PageID #: 16

24. Milton then accused Plaintiff of stealing a carton of yogurt from the staff fridge. Plaintiff refuted this accusation, stating that Omar had given her permission to take the yogurt home as it was left over from a staff barbeque that had taken place a few days before.

25. Milton further accused Plaintiff of taking items from an open 365K vending machine without paying for those items. Plaintiff again refuted those claims, stating she could provide proof that she paid for any items obtained from the vending machine.

26. Upon information and belief, Defendant's allegations of theft were concocted as a pretext to hide discriminatory treatment of the Plaintiff who engaged in protected activity by reporting sexual harassment. Upon information and belief, the allegations were made up to protect and further condone sexual harassment perpetrated by employee Manny.

27. Despite Plaintiff's complaints about sexual harassment, and Defendant's failure to address her complaints, she was served a termination letter on August 2, 2025.

## AS AND FOR A FIRST CAUSE OF ACTION
### SEXUAL HARASSMENT, DISCRIMINATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION UNDER NYCHRL

28. Plaintiff incorporates and re-alleges by reference the allegations of paragraphs 1 to 28 as if fully set forth herein.

29. Defendant discriminated against Plaintiff by subjecting her to a hostile and intimidating work environment, rife with gender discrimination and sexual harassment, that resulted in an adverse employment action, in violation of the NYC Admin. Code §8-107.

30. As a result of the Defendant's conduct, Plaintiff has suffered monetary damages, pain and suffering and emotional distress. As such, Plaintiff seeks damages, including attorneys' fees, on the First Cause of Action in an amount to be determined at trial.

## AS FOR A SECOND CAUSE OF ACTION
### RETALIATION UNDER NYCHRL

31. Plaintiff incorporates and re-alleges by reference the allegations contained in paragraphs 1-31 as if fully set forth herein.

32. Under the NYCHRL it is unlawful discriminatory practice for an employer to retaliate or discriminate in any manner on the basis of an employee's complaints about unlawful discrimination or a hostile work environment. A *prima facie* case of retaliation under the NYCHRL is demonstrated when a party participated in a protected activity, Defendant knew about her participation, Defendant took an employment action that disadvantaged the Plaintiff and there is a causal connection between the protected activity and the negative employment action.

33. In this case, Plaintiff was engaged in a protected activity – namely complaining about continued sexual harassment and a sexual assault in the form of nonconsensual touching, from a member of Defendant's staff. Instead of taking corrective action, Defendant continued to allow the manager to be allocated to Plaintiff's workstation and retaliated against Plaintiff, wrongfully accusing her of stealing items from the open 365K fridge as a pretext, and eventually terminating her position.

34. Defendant's actions constitute unlawful retaliation for which Plaintiff has suffered damages.

35. As such, Plaintiff seeks damages on the Second Cause of Action including back pay, front pay, compensatory damages, punitive damages, pain and suffering, and attorney's fee in an amount to be determined at trial.

## AS FOR A THIRD CAUSE OF ACTION
### VIOLATIONS OF NYS HUMAN RIGHTS LAW

36. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

37. Defendant intentionally and/or negligently discriminated against Plaintiff in violation of the NYSHRL by maintaining an atmosphere pervasive with discrimination and a hostile work environment.

38. Defendant discriminated against Plaintiff on the basis of her gender and because she engaged in a protected activity.

39. As a result of the Defendant's violations of the NYSHRL, Plaintiff has lost pay and benefits and suffered substantial emotional distress, and pain and suffering. As such, Plaintiff seeks damages on the Third Cause of Action in an amount to be determined at trial.

## AS FOR A FOURTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 40 as if fully set forth herein.

41. Defendant engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

Case 1:26-cv-02286-HG    Document 1-1    Filed 04/17/26    Page 11 of 13 PageID #: 19

42. As a proximate result of Defendant's actions, Plaintiff suffered severe or extreme emotional distress. As such, Plaintiff seeks damages on the Fourth Cause of Action in an amount to be determined at trial.

   **WHEREFORE**, Plaintiff demands judgment against Defendant in the amount set forth by a jury and for relief requested herein, back pay with prejudgment interest and all the fringe benefits to which she is entitled; pain and suffering, front pay and benefits; actual and punitive damages, and costs incurred because of Defendant's unlawful behavior; including costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable.

Dated: New York, New York
          January 7, 2026

                                        Yours, etc.,

                                        VANDAMME LAW FIRM, P.C.
                                        /s/ *Hendrick Vandamme*
                                        Hendrick Vandamme, Esq.
                                        46 Trinity Place, 3rd Floor
                                        New York, New York 10006
                                         Tel:  212-641-0613/212-851-6916

Case 1:26-cv-02286-HG   Document 1-1   Filed 04/17/26   Page 12 of 13 PageID #: 20

## ATTORNEY VERIFICATION

Hendrick Vandamme, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am an attorney and member of the firm of VANDAMME LAW FIRM, P.C., the attorneys of record for the Plaintiff.

I have read the foregoing Summons and Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said Plaintiff. Information contained in the said Plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

I affirm this 7th day of January, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment that the foregoing is true and I understand that this documents may be filed in an action or proceeding in a court of law.

This complaint was verified by me since the Plaintiff does not reside in New York County.

Dated: New York, New York
        January 7, 2026

s/ *Hendrick Vandamme*
   HENDRICK VANDAMME

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

SABRINA WHITE,

Plaintiff,

-against-

AMAZON.COM SERVICES, LLC,

Defendant.

---

**VANDAMME LAW FIRM, P.C.**
**Attorneys for Plaintiffs**
**46 Trinity Place, 3rd Floor**
**New York, New York 10006**
**(212) 641-0613**
**(212) 851-6916**

---

# VERIFIED SUMMONS AND COMPLAINT

---

**Pursuant to 22NYCRR 130- 1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.**

*Hendrick Vandamme*
**HENDRICK VANDAMME, ESQ.**

---

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of an order duly entered in the office of the clerk of the within-named Court on

☐ NOTICE OF SETTLEMENT

that an order, of which the within is a true copy, will be presented for settlement to the HON.                              one of the judges of the within-named Court, at on the        day of           , 20    , at        A.